**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1859-23

M.M.,[1]

     Plaintiff-Appellant,

v.

M.B.,

     Defendant-Respondent.

_____

Submitted October 23, 2024 – Decided December 3, 2024

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FD-16-0255-24.

Sidoti Law Firm, LLC, attorneys for appellant (Thomas Sidoti, on the briefs).

Marotta Tuchman & Blazini, LLC, attorneys for respondent (Genevieve Blazini, on the brief).

---

[1] We refer to the adult parties by initials, and to the child by a fictitious name, to protect their privacy. R. 1:38-3(d)(3).

PER CURIAM

Plaintiffs M.M. and W.M. appeal from two Family Part orders: (1) the January 18, 2024 order dismissing plaintiffs' application for grandparent visitation with their grandson O.H.M. (Oscar) under the grandparent visitation statute, N.J.S.A. 9:2-7.1, and denying their request for discovery and the appointment of an expert; and granting defendant M.B.'s cross-motion to maintain sole custody[2] and counsel fees; and (2) the April 17, 2024 order granting defendant's motion to enforce the order for counsel fees and to compel plaintiffs to file a Case Information Statement (CIS).

On appeal, plaintiffs argue the trial court was obligated to conduct a plenary hearing on their complaint because they established a prima facie showing that it would be harmful to Oscar if he were not allowed to visit with plaintiffs, and there were material facts in dispute that warranted a plenary hearing. They further argue the court erred in imposing a civil no-contact order against them and in granting, then enforcing, a counsel fee award to defendant. We disagree and affirm substantially for the reasons expressed by Judge

---

[2] The provision of the order maintaining defendant's sole custody of Oscar is not at issue in this appeal.

Marybel Mercado-Ramirez in her thorough and comprehensive oral and written decisions.

## I.

We write primarily for the parties, who are familiar with the facts in the record, and incorporate by reference the factual findings and legal conclusions contained in Judge Mercado-Ramirez's decision. We add the following comments.

Plaintiffs M.M. and W.M. are Oscar's paternal grandparents. Plaintiffs' son, H.M., is Oscar's biological father and defendant is his biological mother. Oscar was born in May 2021 during the marriage of H.M. and defendant. The parties were separated at the time of H.M.'s suicide in January 2022. Shortly thereafter, defendant was granted sole legal and residential custody of Oscar.

In August 2023, plaintiffs filed an application for grandparent visitation or, in the alternative, for discovery and appointment of an expert. Defendant cross-moved to dismiss the application, impose civil restraints prohibiting plaintiffs from contacting her or Oscar, continue sole legal and residential custody of Oscar, and counsel fees.

In her thorough and comprehensive decision, Judge Mercado-Ramirez reviewed the facts as alleged by plaintiffs in light of the grandparent visitation

A-1859-23

statute and the Supreme Court's holding in <u>Major v. Maguire</u>, 224 N.J. 1 (2016). After giving plaintiffs all reasonable inferences, she concluded they failed to establish a prima facie case that denial of visitation would cause harm to the child, and therefore they were not entitled to discovery or an expert. She also found the no-contact order was necessary to protect defendant and Oscar. And, because Judge Mercado-Ramirez concluded plaintiffs' application was made in bad faith, she awarded defendant counsel fees.

When plaintiffs failed to pay the court-ordered fees, the judge granted defendant's motion to enforce the order and entered a judgment in the amount of the awarded counsel fees. She further ordered plaintiffs to file a CIS to determine their assets for collection of the judgment.

## II.

Our review of an order of dismissal under <u>Rule</u> 4:6-2(e) "is plenary and we apply the same test as the" trial court. <u>Major</u>, 224 N.J. at 26 (quoting <u>Smerling v. Harrah's Ent., Inc.</u>, 389 N.J. Super. 181, 186 (App. Div. 2006)).

The "<u>Rule</u> affords to plaintiffs 'every reasonable inference of fact'; a reviewing court 'searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" <u>Ibid.</u>

(quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).

Where, as here, a Rule 4:6-2(e) motion involves the consideration of "factual allegations made by the parties in certifications outside the pleadings, [we are] required to apply the standard governing summary judgment motions in Rule 4:46-2(c)." R.K. v. D.L., 434 N.J. Super. 113, 121 (App. Div. 2014). "Our review of a summary judgment ruling is de novo. We apply the same standard as the trial court." Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citations omitted). "That is, summary judgment will be granted if there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Ibid. (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

Applying that standard here, we conclude Judge Mercado-Ramirez correctly determined plaintiffs failed to establish the requisite showing of particular "concrete harm" to Oscar, see Daniels v. Daniels, 381 N.J. Super. 286, 294 (App. Div. 2005), such that they overcame the presumption against interference with defendant's fundamental right to parent him. Moriarty v. Bradt, 177 N.J. 84, 103 (2003). The probability that a child will suffer serious

psychological or physical harm provides grounds for interference with parental autonomy under the doctrine of parens patriae. Id. at 112-13.

Under N.J.S.A. 9:2-7.1, grandparents seeking visitation over the objection of a fit parent must prove by a preponderance of the evidence "that visitation is necessary to avoid harm to the child." Id. at 117. Only "[i]f . . . the potential for harm has been shown[] [can] the presumption in favor of parental decision making . . . be deemed overcome." Slawinski v. Nicholas, 448 N.J. Super. 25, 33 (App. Div. 2016) (quoting Moriarty, 177 N.J. at 117).

"[G]randparents seeking visitation . . . must prove by a preponderance of the evidence that denial of the visitation they seek would result in harm to the child." Ibid. (quoting Moriarty, 177 N.J. at 88). "Substantively, it is a 'heavy burden.'" Id. at 34 (quoting Major, 224 N.J. at 18).

In Slawinski, we described the level of harm that a grandparent must demonstrate before a court is required to determine whether visitation is in a child's best interest. We stated:

> [P]roof of harm involves a greater showing than simply the best interests of the child. Moriarty, 177 N.J. at 116 (stating that a dispute between a "fit custodial parent and the child's grandparent is not a contest between equals[,]" consequently "the best interest standard, which is the tiebreaker between fit parents, is inapplicable"). . . . The harm to the grandchild must be "a particular identifiable harm, specific to the child."

> Mizrahi v. Cannon, 375 N.J. Super. 221, 234 (App. Div. 2005). It "generally rests on the existence of an unusually close relationship between the grandparent and the child, or on traumatic circumstances such as a parent's death." Daniels, 381 N.J. Super. at 294. By contrast, missed opportunities for creating "happy memories" do not suffice. Mizrahi, 375 N.J. Super. at 234. Only after the grandparent vaults the proof-of-harm threshold will the court apply a best-interests analysis to resolve disputes over visitation details. Moriarty, 177 N.J. at 117.
>
> [Slawinski, 448 N.J. Super. at 34 (second alteration in original) (citations reformatted).]

Where a grandparent fails to make a threshold showing of harm, the complaint should be dismissed. A "trial court should not hesitate to dismiss an action without conducting a full trial if the grandparents cannot sustain their burden to make the required showing of harm." Major, 224 N.J. at 25. Under those circumstances, "a court may dismiss . . . by summary judgment under Rule 4:46-2(e) . . . [so as] not [to] prolong litigation that is clearly meritless." Ibid.

As the judge here found, plaintiffs' certification in support of their application failed to establish the requisite proof of an identifiable, particular harm to Oscar. At best, plaintiffs alleged they were "devastated" by the loss of H.M. and asserted Oscar was unable to develop a relationship with his father's family, which was particularly critical given his father's suicide. Oscar was eight months old when his father died, not a "toddler" as plaintiffs alleged, and

plaintiffs did not have contact with Oscar since then. Thus, the judge found the relationship here was nowhere near the extensive one between the grandparents and grandchild in <u>Major</u>, and plaintiffs' "speculative and conclusory" harms were insufficient to meet the "heavy burden imposed on them by law."

Because we concur with Judge Mercado-Ramirez's finding plaintiffs failed to meet their initial burden, we find no error in her decision dismissing the complaint without a plenary hearing and denying plaintiffs' alternative requests for discovery and an expert. We likewise reject plaintiffs' contention the judge erred by accepting defendant's assertions in her certification in support of the cross-motion as true and unopposed. The judge noted the facts alleged in defendant's certification but, consonant with the grandparent visitation statute and governing case law, decided the application based on plaintiffs' allegations, taken in the light most favorable to them.

We next turn to defendant's motion for civil restraints, which we review for an abuse of discretion, so long as the decision is consistent with applicable legal principles. <u>Marioni v. Roxy Garments Delivery Co.</u>, 417 N.J. Super. 269, 275-76 (App. Div. 2010).

Family courts are courts of equity. <u>Randazzo v. Randazzo</u>, 184 N.J. 101, 113 (2005). While "[Family Part judges'] equitable discretion is not governed

by fixed principles and definite rules, '[i]mplicit [in the exercise of equitable discretion] is conscientious judgment directed by law and reason and looking to a just result.'" Kaye v. Rosefielde, 223 N.J. 218, 231 (2015) (second and third alterations in original) (quoting In re Estate of Hope, 390 N.J. Super. 533, 541 (App. Div. 2007)). Family Part judges' responsibilities include, where appropriate, the resolution of "[d]isputes which do not rise to the level of domestic violence . . . ." N.B. v. T.B., 297 N.J. Super. 35, 42 (App. Div. 1997).

Applying these guiding principles here, we discern no abuse of the judge's discretion in granting civil restraints under the circumstances presented in this matter. Judge Mercado-Ramirez's written decision recited nearly five pages of incidents detailed in defendant's certification and supported by police reports, text messages and photographs. Having found "that [d]efendant and [Oscar] have been subjected to a persistent and repeated course of harassment and intimidation by [p]laintiffs, [p]laintiffs' family, and those who have joined [p]laintiffs in their abhorrent onslaught against [them]," the no-contact order was entirely appropriate to protect defendant and Oscar from plaintiffs' "troubling course of conduct."

We also find no error in the judge's determination the allegations in defendant's certification were unopposed. As detailed in Judge Mercado-

Ramirez's written opinion, plaintiffs had ample opportunity to file opposition to defendant's motion and did not do so. During the November 2, 2023 motion conference, plaintiffs' counsel stated he did not intend to file opposition to defendant's cross-motion, despite the court's repeated invitation for him to do so. During the January 18, 2024 oral argument on the motion, counsel again confirmed he was relying solely on his moving papers and reiterated his position that the trial court lacked the authority to enter a no-contact order. Thus, we find no merit to plaintiffs' contention they were "surprised" by the judge's rendering a decision on that date.

Lastly, we address the issue of counsel fees. Generally, Rule 5:3-5(c) governs the award of counsel fees in family actions. However, an award of counsel fees may be appropriate when one party acts in bad faith, regardless of the parties' economic circumstances. See Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000) (quoting Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992)) ("'[W]here one party acts in bad faith, the relative economic position of the parties has little relevance' because the purpose of the award is to protect the innocent party from unnecessary costs and to punish the guilty party."); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.3.3 on R. 5:3-5 (2025) ("An award of attorney's fees to the adverse party is appropriate if the court finds

the proceedings to have been frivolous and instituted for the purpose of harassment as well as abuse of the judicial system.").

Here, Judge Mercado-Ramirez concluded the submissions filed in connection with the motions compelled a finding plaintiffs' application was filed in bad faith: "Although [p]laintiffs[] certify [they] are seeking visitation with [Oscar] out of their love and affection for him, the record is replete with evidence of their deep-seated disdain for both [him] and [d]efendant." Having found bad faith, the judge was not required to consider the financial circumstances of the parties; she determined the fees incurred were reasonable, which plaintiffs do not dispute on appeal.

Plaintiffs' sole contention regarding the enforcement order is that the counsel fees were imposed without basis. Having found no abuse of discretion in the award of counsel fees, we likewise reject this argument.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                        A-1859-23